# Exhibit B

# ICSID CONVENTION, REGULATIONS AND RULES

**International Centre for**
**Settlement of Investment Disputes**
1818 H Street, N.W.
Washington, D.C. 20433, U.S.A.

**ICSID/15**
**April 2006**

· Not for resale ·

## Summary Table of Contents

|  | *Page* |
|---|---|
| Introduction | 5 |
| Convention on the Settlement of Investment Disputes between States and Nationals of Other States | 7 |
| Report of the Executive Directors of the International Bank for Reconstruction and Development on the Convention on the Settlement of Investment Disputes between States and Nationals of Other States | 35 |
| Administrative and Financial Regulations | 51 |
| Rules of Procedure for the Institution of Conciliation and Arbitration Proceedings (Institution Rules) | 73 |
| Rules of Procedure for Conciliation Proceedings (Conciliation Rules) | 81 |
| Rules of Procedure for Arbitration Proceedings (Arbitration Rules) | 99 |

# Introduction

The International Centre for Settlement of Investment Disputes (ICSID or the Centre) is established by the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the ICSID Convention or the Convention). The Convention was formulated by the Executive Directors of the International Bank for Reconstruction and Development (the World Bank). On March 18, 1965, the Executive Directors submitted the Convention, with an accompanying Report, to member governments of the World Bank for their consideration of the Convention with a view to its signature and ratification. The Convention entered into force on October 14, 1966, when it had been ratified by 20 countries. As at April 10, 2006, 143 countries have ratified the Convention to become Contracting States.

In accordance with the provisions of the Convention, ICSID provides facilities for conciliation and arbitration of investment disputes between Contracting States and nationals of other Contracting States. The provisions of the ICSID Convention are complemented by Regulations and Rules adopted by the Administrative Council of the Centre pursuant to Article 6(1)(a)–(c) of the Convention (the ICSID Regulations and Rules).

The ICSID Regulations and Rules comprise Administrative and Financial Regulations; Rules of Procedure for the Institution of Conciliation and Arbitration Proceedings (Institution Rules); Rules of Procedure for Conciliation Proceedings (Conciliation Rules); and Rules of Procedure for Arbitration Proceedings (Arbitration Rules). The latest amendments of the ICSID Regulations and Rules adopted by the Administrative Council of the Centre came into effect on April 10, 2006.

Reprinted in this booklet are the ICSID Convention, the Report of the Executive Directors of the World Bank on the Convention, and the ICSID Regulations and Rules as amended effective April 10, 2006.

# CONVENTION ON THE SETTLEMENT OF INVESTMENT DISPUTES BETWEEN STATES AND NATIONALS OF OTHER STATES

Convention

# CONVENTION ON THE SETTLEMENT OF INVESTMENT DISPUTES BETWEEN STATES AND NATIONALS OF OTHER STATES

## Table of Contents

Convention

| *Chapter* | *Section* | | *Articles* | *Page* |
|---|---|---|---|---|
| | | **Preamble** | | **11** |
| **I** | | **International Centre for Settlement of Investment Disputes** | **1-24** | **12** |
| | 1 | Establishment and Organization | 1-3 | 12 |
| | 2 | The Administrative Council | 4-8 | 12 |
| | 3 | The Secretariat | 9-11 | 14 |
| | 4 | The Panels | 12-16 | 15 |
| | 5 | Financing the Centre | 17 | 16 |
| | 6 | Status, Immunities and Privileges | 18-24 | 16 |
| **II** | | **Jurisdiction of the Centre** | **25-27** | **18** |
| **III** | | **Conciliation** | **28-35** | **19** |
| | 1 | Request for Conciliation | 28 | 19 |
| | 2 | Constitution of the Conciliation Commission | 29-31 | 20 |
| | 3 | Conciliation Proceedings | 32-35 | 20 |
| **IV** | | **Arbitration** | **36-55** | **22** |
| | 1 | Request for Arbitration | 36 | 22 |
| | 2 | Constitution of the Tribunal | 37-40 | 22 |
| | 3 | Powers and Functions of the Tribunal | 41-47 | 23 |
| | 4 | The Award | 48-49 | 25 |
| | 5 | Interpretation, Revision and Annulment of the Award | 50-52 | 25 |
| | 6 | Recognition and Enforcement of the Award | 53-55 | 27 |
| **V** | | **Replacement and Disqualification of Conciliators and Arbitrators** | **56-58** | **28** |
| **VI** | | **Cost of Proceedings** | **59-61** | **29** |
| **VII** | | **Place of Proceedings** | **62-63** | **30** |

Convention

| | | | |
|---|---|---|---|
| **VIII** | **Disputes Between Contracting States** | **64** | **30** |
| **IX** | **Amendment** | **65-66** | **30** |
| **X** | **Final Provisions** | **67-75** | **31** |
| | **Signature Clause** | | **33** |

# Chapter IV
# Arbitration

## Section 1
## Request for Arbitration

Convention

**Article 36**

(1) Any Contracting State or any national of a Contracting State wishing to institute arbitration proceedings shall address a request to that effect in writing to the Secretary-General who shall send a copy of the request to the other party.

(2) The request shall contain information concerning the issues in dispute, the identity of the parties and their consent to arbitration in accordance with the rules of procedure for the institution of conciliation and arbitration proceedings.

(3) The Secretary-General shall register the request unless he finds, on the basis of the information contained in the request, that the dispute is manifestly outside the jurisdiction of the Centre. He shall forthwith notify the parties of registration or refusal to register.

## Section 2
## Constitution of the Tribunal

**Article 37**

(1) The Arbitral Tribunal (hereinafter called the Tribunal) shall be constituted as soon as possible after registration of a request pursuant to Article 36.

(2) (a) The Tribunal shall consist of a sole arbitrator or any uneven number of arbitrators appointed as the parties shall agree.

(b) Where the parties do not agree upon the number of arbitrators and the method of their appointment, the Tribunal shall consist of three arbitrators, one arbitrator appointed by each party and the third, who shall be the president of the Tribunal, appointed by agreement of the parties.

**Article 38**

If the Tribunal shall not have been constituted within 90 days after notice of registration of the request has been dispatched by the Secretary-General in accordance with paragraph (3) of Article 36, or such other period as the parties may agree, the Chairman shall, at the request of either party and after consulting both parties as far as possible,

appoint the arbitrator or arbitrators not yet appointed. Arbitrators appointed by the Chairman pursuant to this Article shall not be nationals of the Contracting State party to the dispute or of the Contracting State whose national is a party to the dispute.

### Article 39

The majority of the arbitrators shall be nationals of States other than the Contracting State party to the dispute and the Contracting State whose national is a party to the dispute; provided, however, that the foregoing provisions of this Article shall not apply if the sole arbitrator or each individual member of the Tribunal has been appointed by agreement of the parties.

### Article 40

(1) Arbitrators may be appointed from outside the Panel of Arbitrators, except in the case of appointments by the Chairman pursuant to Article 38.

(2) Arbitrators appointed from outside the Panel of Arbitrators shall possess the qualities stated in paragraph (1) of Article 14.

## Section 3
## Powers and Functions of the Tribunal

### Article 41

(1) The Tribunal shall be the judge of its own competence.

(2) Any objection by a party to the dispute that that dispute is not within the jurisdiction of the Centre, or for other reasons is not within the competence of the Tribunal, shall be considered by the Tribunal which shall determine whether to deal with it as a preliminary question or to join it to the merits of the dispute.

### Article 42

(1) The Tribunal shall decide a dispute in accordance with such rules of law as may be agreed by the parties. In the absence of such agreement, the Tribunal shall apply the law of the Contracting State party to the dispute (including its rules on the conflict of laws) and such rules of international law as may be applicable.

(2) The Tribunal may not bring in a finding of *non liquet* on the ground of silence or obscurity of the law.

(3) The provisions of paragraphs (1) and (2) shall not prejudice the power of the Tribunal to decide a dispute *ex aequo et bono* if the parties so agree.

Convention

**Article 43**

Except as the parties otherwise agree, the Tribunal may, if it deems it necessary at any stage of the proceedings,

> (a) call upon the parties to produce documents or other evidence, and
>
> (b) visit the scene connected with the dispute, and conduct such inquiries there as it may deem appropriate.

**Article 44**

Any arbitration proceeding shall be conducted in accordance with the provisions of this Section and, except as the parties otherwise agree, in accordance with the Arbitration Rules in effect on the date on which the parties consented to arbitration. If any question of procedure arises which is not covered by this Section or the Arbitration Rules or any rules agreed by the parties, the Tribunal shall decide the question.

**Article 45**

(1) Failure of a party to appear or to present his case shall not be deemed an admission of the other party's assertions.

(2) If a party fails to appear or to present his case at any stage of the proceedings the other party may request the Tribunal to deal with the questions submitted to it and to render an award. Before rendering an award, the Tribunal shall notify, and grant a period of grace to, the party failing to appear or to present its case, unless it is satisfied that that party does not intend to do so.

**Article 46**

Except as the parties otherwise agree, the Tribunal shall, if requested by a party, determine any incidental or additional claims or counterclaims arising directly out of the subject-matter of the dispute provided that they are within the scope of the consent of the parties and are otherwise within the jurisdiction of the Centre.

**Article 47**

Except as the parties otherwise agree, the Tribunal may, if it considers that the circumstances so require, recommend any provisional measures which should be taken to preserve the respective rights of either party.

## Section 4
## The Award

**Article 48**

(1)  The Tribunal shall decide questions by a majority of the votes of all its members.

(2)  The award of the Tribunal shall be in writing and shall be signed by the members of the Tribunal who voted for it.

(3)  The award shall deal with every question submitted to the Tribunal, and shall state the reasons upon which it is based.

(4)  Any member of the Tribunal may attach his individual opinion to the award, whether he dissents from the majority or not, or a statement of his dissent.

(5)  The Centre shall not publish the award without the consent of the parties.

**Article 49**

(1)  The Secretary-General shall promptly dispatch certified copies of the award to the parties. The award shall be deemed to have been rendered on the date on which the certified copies were dispatched.

(2)  The Tribunal upon the request of a party made within 45 days after the date on which the award was rendered may after notice to the other party decide any question which it had omitted to decide in the award, and shall rectify any clerical, arithmetical or similar error in the award. Its decision shall become part of the award and shall be notified to the parties in the same manner as the award. The periods of time provided for under paragraph (2) of Article 51 and paragraph (2) of Article 52 shall run from the date on which the decision was rendered.

## Section 5
## Interpretation, Revision and
## Annulment of the Award

**Article 50**

(1)  If any dispute shall arise between the parties as to the meaning or scope of an award, either party may request interpretation of the award by an application in writing addressed to the Secretary-General.

(2)  The request shall, if possible, be submitted to the Tribunal which rendered the award. If this shall not be possible, a new Tribunal shall be constituted in accordance with Section 2 of this Chapter. The

**Convention**

Tribunal may, if it considers that the circumstances so require, stay enforcement of the award pending its decision.

### Article 51

(1) Either party may request revision of the award by an application in writing addressed to the Secretary-General on the ground of discovery of some fact of such a nature as decisively to affect the award, provided that when the award was rendered that fact was unknown to the Tribunal and to the applicant and that the applicant's ignorance of that fact was not due to negligence.

(2) The application shall be made within 90 days after the discovery of such fact and in any event within three years after the date on which the award was rendered.

(3) The request shall, if possible, be submitted to the Tribunal which rendered the award. If this shall not be possible, a new Tribunal shall be constituted in accordance with Section 2 of this Chapter.

(4) The Tribunal may, if it considers that the circumstances so require, stay enforcement of the award pending its decision. If the applicant requests a stay of enforcement of the award in his application, enforcement shall be stayed provisionally until the Tribunal rules on such request.

### Article 52

(1) Either party may request annulment of the award by an application in writing addressed to the Secretary-General on one or more of the following grounds:

>   (a) that the Tribunal was not properly constituted;
>
>   (b) that the Tribunal has manifestly exceeded its powers;
>
>   (c) that there was corruption on the part of a member of the Tribunal;
>
>   (d) that there has been a serious departure from a fundamental rule of procedure; or
>
>   (e) that the award has failed to state the reasons on which it is based.

(2) The application shall be made within 120 days after the date on which the award was rendered except that when annulment is requested on the ground of corruption such application shall be made within 120 days after discovery of the corruption and in any event within three years after the date on which the award was rendered.

(3) On receipt of the request the Chairman shall forthwith appoint from the Panel of Arbitrators an *ad hoc* Committee of three persons. None of the members of the Committee shall have been a member of

the Tribunal which rendered the award, shall be of the same nationality as any such member, shall be a national of the State party to the dispute or of the State whose national is a party to the dispute, shall have been designated to the Panel of Arbitrators by either of those States, or shall have acted as a conciliator in the same dispute. The Committee shall have the authority to annul the award or any part thereof on any of the grounds set forth in paragraph (1).

(4)  The provisions of Articles 41-45, 48, 49, 53 and 54, and of Chapters VI and VII shall apply *mutatis mutandis* to proceedings before the Committee.

(5)  The Committee may, if it considers that the circumstances so require, stay enforcement of the award pending its decision. If the applicant requests a stay of enforcement of the award in his application, enforcement shall be stayed provisionally until the Committee rules on such request.

(6)  If the award is annulled the dispute shall, at the request of either party, be submitted to a new Tribunal constituted in accordance with Section 2 of this Chapter.

## Section 6
## Recognition and Enforcement
## of the Award

**Article 53**

(1)  The award shall be binding on the parties and shall not be subject to any appeal or to any other remedy except those provided for in this Convention. Each party shall abide by and comply with the terms of the award except to the extent that enforcement shall have been stayed pursuant to the relevant provisions of this Convention.

(2)  For the purposes of this Section, "award" shall include any decision interpreting, revising or annulling such award pursuant to Articles 50, 51 or 52.

**Article 54**

(1)  Each Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State. A Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state.

(2)  A party seeking recognition or enforcement in the territories of a Contracting State shall furnish to a competent court or other authority which such State shall have designated for this purpose a copy of the award certified by the Secretary-General. Each Contracting State shall notify the Secretary-General of the designation of the competent court or other authority for this purpose and of any subsequent change in such designation.

(3)  Execution of the award shall be governed by the laws concerning the execution of judgments in force in the State in whose territories such execution is sought.

### Article 55

Nothing in Article 54 shall be construed as derogating from the law in force in any Contracting State relating to immunity of that State or of any foreign State from execution.

# Chapter V
# Replacement and Disqualification
# of Conciliators and Arbitrators

### Article 56

(1)  After a Commission or a Tribunal has been constituted and proceedings have begun, its composition shall remain unchanged; provided, however, that if a conciliator or an arbitrator should die, become incapacitated, or resign, the resulting vacancy shall be filled in accordance with the provisions of Section 2 of Chapter III or Section 2 of Chapter IV.

(2)  A member of a Commission or Tribunal shall continue to serve in that capacity notwithstanding that he shall have ceased to be a member of the Panel.

(3)  If a conciliator or arbitrator appointed by a party shall have resigned without the consent of the Commission or Tribunal of which he was a member, the Chairman shall appoint a person from the appropriate Panel to fill the resulting vacancy.

### Article 57

A party may propose to a Commission or Tribunal the disqualification of any of its members on account of any fact indicating a manifest lack of the qualities required by paragraph (1) of Article 14. A party to arbitration proceedings may, in addition, propose the disqualification