# Exhibit D

Mr Jhon Jairo Camargo Motta
Acting Director General
National Agency for the Legal Defense of the State
Carrera 7 No. 75-66 – 2nd and 3rd floor
Bogota, Colombia

Mr Álvaro Rodríguez Rodríguez
Acting Director of Foreign Investment,
Services and Intellectual Property
Ministry of Commerce, Industry and Tourism
Calle 28 #13 A-15
First Floor, Local No. 1
Bogota, Colombia

Mr Fernando Mantilla-Serrano
Latham & Watkins LLP
45 Rue Saint-Dominique
Paris 75007, France



**Washington, DC**

700 13th Street, NW, 10th Floor
Washington, DC  20005

**Nigel Blackaby KC**
T  +1 (202) 777-4500
T  +1 (202) 777-4519 (direct)
F  +1 (202) 507-5919
E  nigel.blackaby@freshfields.com

**freshfields.us**

**RE: South32 SA Investments Limited v Republic of Colombia (ICSID Case No ARB/20/9)**

3 July 2024

Dear Sirs,

We write on behalf of South32 SA Investments Limited (**Claimant**) in relation to the enclosed award issued by the Tribunal in the above-referenced arbitration on 21 June 2024 (the **Award**).

Pursuant to paragraph 755 of the Award, the following Colombian state measures were held to be in breach of Art II.3 of the Bilateral Agreement for the Promotion and Protection of Investments between the Government of the United Kingdom of Great Britain and Northern Ireland and the Republic of Colombia (the **Treaty**):

1. Articles 8 and 9 of the National Mining Agency Resolution 293 of 15 May 2015 (providing for the Resolution's retroactive application) (**Mining Agency Resolution 293**);

2. Mining and Energy Planning Unit (**UPME**) Resolution 293 of 12 June 2018 (**UPME Resolution 293**);

3. National Mining Agency Payment Order VSC 26 of 12 March 2015 (**Order 26**);

4. National Mining Agency Resolution 576 of 27 September 2018 (**Resolution 576**);



Freshfields Bruckhaus Deringer is an international legal practice operating through Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP, Freshfields Bruckhaus Deringer (a partnership registered in Hong Kong), Freshfields Bruckhaus Deringer Law office, Freshfields Bruckhaus Deringer Foreign Law Office, Studio Legale associato a Freshfields Bruckhaus Deringer, Freshfields Bruckhaus Deringer Rechtsanwälte Steuerberater PartG mbB, Freshfields Bruckhaus Deringer Rechtsanwälte PartG mbB and other associated entities and undertakings. For further regulatory information please refer to www.freshfields.com/support/legal-notice.

2|5

5. The Petition submitted by the National Mining Agency before the Administrative Tribunal of Cundinamarca on 6 February 2018 (the **Cundinamarca Petition**);

6. Comptroller General's Office Order 63 of 7 February 2020 (**Comptroller General Order 63**); and

7. Comptroller General's Office Order 217 of 26 February 2018.

Pursuant to paragraph 887 of the Award, the Republic of Colombia (**Colombia**) is ordered to pay Claimant the following sums:

i. **US$4,519,417** as compensation for historical damages arising from Colombia's measures in breach of the Treaty;

ii. interest on the above compensation (item i), at a rate equal to the average annual U.S. Prime rate plus 2%, compounded semi-annually computed from 27 July 2023 until the date of actual payment;

iii. **US$5,050,000** in respect of arbitration costs;

iv. interest on the above sum (item iii), at a rate equal to the average annual U.S. Prime rate plus 2%, compounded semi-annually computed from 21 June 2024 until the date of actual payment.

From item (i) above, the amount corresponding to iron royalty payments made by Cerro Matoso SA (**CMSA**) in relation to the period Q4 2012 through Q1 2020[1] – namely $629,367[2] – must be deducted, as that amount was reimbursed to CMSA in May and June 2024.[3] This reduces the compensation owed to Claimant in

---

[1] This payment was made pursuant to National Mining Agency Orders VSC 206 and 62, which the Tribunal held to be in breach of the Treaty (Award para 755).

[2] The amount to be deducted, US$629,367, corresponds to the portion of the historic damages award attributable to the iron royalties paid by CMSA on 24 April 2020 pursuant to National Mining Agency Orders VSC 206 and 62, as set out in the Joint Valuation Model presented by Colombia and the Claimant to the ICSID Tribunal. This amount is calculated as follows: (i) the amount of COP 2,073,867,533 paid by CMSA to the National Mining Agency on 24 April 2020 in relation to iron royalties for the period Q4 2012-Q1 2020 (Award, para 773); (ii) net of the income tax benefit obtained from the payment of iron royalties and net of the then applicable 10% withholding tax on dividends (Award, paras 772, 782-783); (iii) adjusted by Claimant's ownership interest in CMSA of 99.94% (Award, para 785); (iv) applying 12% simple interest for the period between payment and the notional Award date of 27 July 2023 (Award, paras 777 and 779); and (v) converted to USD on the 27 July 2023 valuation date (Award, para 786).

[3] The National Mining Agency reimbursed the iron royalties paid by CMSA on 24 April 2020 in two installments received on 31 May 2024 and 4 June 2024 totaling COP 2,508,910,791. Given that the amount reimbursed by Colombia did not include the application of a 12% interest rate (per the Award, paras 777 and 779), but rather a lower actualization rate, the amount reimbursed by Colombia is lower than the amount deducted by Claimant from the damages order in the Award.



respect of historical damages arising from Colombia's breaches of the Treaty per item (i) above to **US$3,890,050**.

Based on the foregoing, as of the date of this letter, Colombia must pay the sum of **US$9,336,413**, to which interest, at a rate equal to the average annual U.S. Prime rate plus 2% compounded semi-annually, must be added up until the date of payment.

Colombia must pay this sum without deducting any taxes from the compensation it was ordered to pay to Claimant, as that compensation was calculated net of Colombian taxes, pursuant to paragraphs 847, 850, 887(8) and 887(9) of the Award. In this regard, the Tribunal ordered that Colombia hold Claimant harmless with respect to any tax that Colombia may impose on the compensation awarded, per paragraphs 887(8) and 887(9) *in fine* of the Award.

Pursuant to Article 53(1) of the ICSID Convention, the Award is binding on Colombia and Colombia must abide by and comply with its terms. Claimant therefore respectfully requests Colombia to deposit **US$9,336,413**, plus the additional interest accrued to the date of payment, to the following bank account:

    Account Holder: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
    Bank Name: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
    Bank Address: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
    Currency: ▇▇▇▇
    Account Number: ▇▇▇▇▇▇▇▇
    IBAN: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
    Branch Swift Address: ▇▇▇▇▇▇▇▇
    Cover at: ▇▇▇▇▇▇

Paragraph 810 of the Award provides that "the Colombian authorities should take into consideration the Arbitral Tribunal's ruling on the Measures in Breach in their future actions." This holding is consistent with Colombia's international obligation to conduct itself in a manner consistent with its obligations pursuant to the Treaty. As a consequence, Colombian state authorities, including the National Mining Agency and the General Comptroller's Office, must forthwith desist with prejudice from pursuing:

  a. any actions to enforce Resolution 576, including the National Mining Agency's appeal before the Council of State of the first instance decision partially annulling Resolution 576;

  b. the Cundinamarca Petition;

  c. any actions seeking to retroactively apply Mining Agency Resolution 293 and/or defending the appropriateness of the related nickel royalty base prices set through UPME Resolution 576, as amended by UPME Resolution 293; and

  d. the fiscal liability proceedings initiated by the Comptroller General's Office pursuant to Comptroller General Order 63.



4|5

In this regard, the Tribunal also held at paragraph 838 of the Award that if, in the future, "the state enforces the Measures in Breach and, as a result, CMSA pays new royalty settlements, … the state must compensate the Claimant for the damage suffered."

Therefore, pursuant to paragraph 887(3) and 887(7) of the Award, should Colombia not desist with prejudice from pursuing the actions listed above, Colombia must:

I.  Hold Claimant harmless in relation to:

    a.  any amount that Claimant's subsidiary, CMSA, pays in execution of UPME Resolution 293 applying Articles 8 and 9 of Mining Agency Resolution 293, Order 26, the Cundinamarca Petition, Resolution 576, and Comptroller General Order 63.[4]

    b.  any amount that CMSA pays for iron royalty settlements.[5]

II. Pay Claimant interest at a rate equal to the average annual U.S. Prime rate plus 2%, compounded semi-annually, on the amounts resulting from the order referred to in (I) above, computed from the date CMSA pays until the date of actual payment by Colombia.

Yours sincerely,

Nigel Blackaby KC
Encl. (1)

cc    Mr Carlos Hernán Rodríguez Becerra
      General Comptroller of the Republic
      Carrera 69 No 44 - 35 Piso 1 Mail
      Bogota, Colombia

---

[4]   Pursuant to paragraphs 842 and 887(3)(i), the amount to be paid by Colombia will be equal to: the amount paid by CMSA in execution of the above-referenced measures in breach of the Treaty, net of dividend withholding taxes, adjusted by Claimant's 99.94% ownership of CMSA and converted to US dollars.

[5]   Pursuant to paragraphs 842, 843 and 887(3)(ii), the amount to be paid by Colombia will be equal to: the amount paid by CMSA in execution of the above-referenced measures in breach of the Treaty, net of the tax benefits obtained from the payment of iron royalties and net of dividend withholding taxes, adjusted by Claimant's 99.94% ownership of CMSA and converted to US dollars.



5 | 5

Mr Luis Álvaro Pardo Becerra
President of the National Mining Agency
Av. El Dorado No 57-41. Torre 7, Floor 2
Bogota, Colombia

Mr Andrés Camacho Morales
Minister of Mines and Energy
Ms Kelly Johana Rocha Gómez
Vice Minister of Mines
of the Minister of Mines and Energy
Calle 43 No 57 - 31 – Centro Administrativo Nacional
Bogota, Colombia

